IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **VANTAGE MICRO LLC,**<br><br>       **Plaintiff,**<br><br>       v.<br><br>**CIRRUS LOGIC, INC.,**<br><br>       **Defendant.** | Civil Action No. 6:19-cv-578<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Vantage Micro LLC ("Vantage Micro" or "Plaintiff") hereby alleges for its Complaint for patent infringement against Defendant Cirrus Logic, Inc. ("Cirrus Logic" or "Defendant") on personal knowledge as to its own actions and on information and belief as to the actions of others, as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

2. Plaintiff Vantage Micro is a limited liability company organized under the laws of the State of Delaware, with its principal place of business at 717 North Union Street, Suite 9, Wilmington, DE 19805.

3. On information and belief, Defendant Cirrus Logic is a Delaware corporation with its principal place of business located at 800 West Sixth Street, Austin, TX 78701-2722. Upon

information and belief, Cirrus Logic is authorized to do business in Texas and may be served through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4. Cirrus Logic is a supplier of high-performance analog and mixed-signal integrated circuits ("ICs") for the consumer and industrial markets. In 2000, the company moved its headquarters from Silicon Valley to Austin, Texas.

5. Cirrus Logic's products include MEMS-based microphone chips, analog and mixed-signal ICs designed for mobile applications including smartphones, tablets, digital headsets, speakers and wearable systems, analog and mixed-signal ICs for automotive, energy, and industrial markets as well as non-mobile consumer applications, including the "smart" home systems.

6. Cirrus Logic develops ICs, board-level modules and hybrids for high-power amplifier applications branded as the Apex Precision Power ("Apex") line of products. The IC products include amplifiers, A/D and D/A converters, codecs for audio applications, DSPs for voice and audio processing, ARM-based embedded processors, power control and management devices, video converters, imaging A/D converters, and ICs used in seismic equipment for energy exploration.

7. On information and belief, Cirrus Logic designs, develops, manufactures, sells, offers to sell, and/or imports products, devices, systems, and/or components of systems that detect, or support the detection of, High-Definition Multimedia Interface ("HDMI"), DisplayPort ("DP"), Digital Visual Interface ("DVI"), and/or Liquid Crystal Display ("LCD") ports, plugs, or connections, or comply with the HDMI, DP, and/or DVI specification.

8. On information and belief, Cirrus Logic provides CPUs, processors, systems-on-chips ("SoCs"), cameras, and similar products, devices, systems, and/or components of systems to third parties that develop, manufacture, sell, and offer to sell tablets, mobile, and desktop devices in this District. In addition, Cirrus Logic sells and offers to sell products and services throughout the United States, including in this District, through its website, through major electronics retailers in North America, and in concert and partnership with third parties.

9. On information and belief, Cirrus Logic conducts a significant amount of business in Texas and this District through online sales and advertisements directly to consumers, through product sales by Cirrus Logic's distributors and resellers, and in concert and partnership with third parties.

10. Vantage Micro seeks monetary damages and prejudgment interest for Cirrus Logic's past and ongoing direct and indirect infringement of the Asserted Patent.

## JURISDICTION AND VENUE

11. This action for patent infringement arises under the patent laws of the United States, Title 35 of the United States Code.

12. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

13. This Court has personal jurisdiction over Cirrus Logic because Cirrus Logic has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within the Western District of Texas. For example, Cirrus Logic's headquarters is located within this District. Personal jurisdiction also exists specifically over Cirrus Logic because it, directly or through subsidiaries or intermediaries, makes, uses, offers for sale, or sells products or services within the State of Texas and within the Western District of Texas that directly or indirectly infringe the Asserted Patent (as discussed further below).

14. Furthermore, personal jurisdiction over Cirrus Logic in this action comports with due process. Cirrus Logic has conducted and regularly conducts business within the United States and this District. Cirrus Logic has purposefully availed itself of the privileges of conducting business in the United States, and more specifically in the State of Texas and this District. Cirrus Logic has sought protection and benefit from the laws of the State of Texas by placing products into the stream of commerce through an established distribution channel that infringe the Asserted Patent with the awareness and/or intent that they will be purchased by consumers in this District.

15. On information and belief, Cirrus Logic is subject to this Court's general and specific personal jurisdiction because Cirrus Logic has sufficient minimum contacts within the State of Texas and this District, because Cirrus Logic purposefully availed itself of the privileges of conducting business in the State of Texas and in this District, because Cirrus Logic regularly conducts and solicits business within the State of Texas and within this District, and because Vantage Micro's cause of action arises directly from Cirrus Logic's business contacts and other activities in the State of Texas and this District. Having purposefully availed itself of the privilege of conducting business within this District, Cirrus Logic should reasonably and fairly anticipate being brought into court here.

16. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) at least because Cirrus Logic is subject to personal jurisdiction in this district and has regularly conducted business in this District, and because certain of the acts complained of herein occurred in this District. On information and belief, Cirrus Logic makes, uses, sells, offers to sell, and/or imports, within the state of Texas and in this District, systems and components that infringe one

or more claims of the Asserted Patent or that are the instrumentalities for infringing one or more claims of the Asserted Patent.

## THE ASSERTED PATENT

17. On August 19, 2008, the USPTO duly and legally issued U.S. Patent No. 7,414,606 ("the '606 Patent"), entitled "Method and Apparatus for Detecting a Flat Panel Display Monitor." A copy of the '606 Patent is attached hereto as Exhibit 1.

18. Vantage Micro owns all substantial right, title, and interest in the '606 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

## COUNT I - INFRINGEMENT OF U.S. PATENT NO. 7,414,606

19. Vantage Micro incorporates and realleges the preceding paragraphs as if fully set forth herein.

20. At least as of the filing and service of this Complaint, Cirrus Logic was placed on actual notice of the '606 Patent and actual notice that its actions constituted and continue to constitute infringement of the '606 Patent.

21. On information and belief, Cirrus Logic has infringed and continues to infringe one or more claims of the '606 Patent, including but not limited to Claim 6, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing in the United States without authority products, devices, systems, and/or components of systems that detect, or support the detection of, monitors, including, but not limited to, Liquid Crystal Display ("LCD"), Light-Emitting Diode ("LED"), and Plasma Display Panel ("PDP") monitors using various connection interfaces or "ports," including, but not limited to, High-Definition Multimedia Interface ("HDMI"), DisplayPort ("DP"), and/or Digital Visual Interface ("DVI") connections that support or comply with the HDMI, DP, and/or DVI

specification ("'606 Infringing Products"). Examples of '606 Infringing Products include, without limitation, Cirrus Logic's CRD49700-USB Evaluation Kit with CRD-HDMI-DC-Z Evaluation Board and graphics chipsets (e.g., CL-GD543x and CL-GD5440), CL-GD series, and EP93xx series products.

22.     Discovery is expected to uncover the full extent of Cirrus Logic's unlawful use of Vantage Micro's patented technology in the '606 Patent beyond the '606 Infringing Products already identified through public information.

23.     Attached hereto as Exhibit 2, and incorporated by reference herein, is a claim chart detailing how a '606 Infringing Product (CRD49700-USB Evaluation Kit with CS4970xx DSP and CRD-HDMI-DC-Z Evaluation Board) infringes independent Claim 6 of the '606 Patent. Each of the elements of Claim 6 is found in this Cirrus Logic product as shown in Exhibit 2. Cirrus Logic is thus liable for infringement of the '606 Patent pursuant to 35 U.S.C. § 271.

24.     On information and belief, Cirrus Logic has induced and continues to induce infringement of one or more claims of the '606 Patent, including, but not limited to Claim 6, pursuant to 35 U.S.C. § 271(b), by encouraging its customers of the '606 Infringing Products and other third parties (including, *inter alia*, the downstream customers of its customers) to make, sell, offer to sell, and/or import in the United States without authorization the '606 Infringing Products (or products of which the '606 Infringing Products are components) as described above and/or by encouraging those same customers and third parties to use the '606 Infringing Products (or products of which the '606 Infringing Products are components).

25.     Cirrus Logic's acts of inducement include, *inter alia*: providing the '606 Infringing Products to its customers and other third parties and intending them to use the '606 Infringing Products with hardware, software, and other infrastructure that enable and/or make

use of these products; providing information, advertising, and instructions for these products through its own and third-party websites (*see, e.g.*, https://www.cirrus.com/products/cs4970xx/); encouraging customers and other third parties to use the '606 Infringing Products (e.g., https://statics.cirrus.com/pubs/brochure/Bluray_Selection_Guide_2009.pdf); providing instructions on how to use the '606 Infringing Products (e.g., https://statics.cirrus.com/pubs/manual/CS4953x4_4970x4_System_Designers_Guide_UM6.pdf and https://statics.cirrus.com/pubs/manual/CK49x-4953x-4970x_UM_CK7.pdf); and providing support and training to enable manufacture, assembly, use, or sales of the '606 Infringing Products (*see, e.g.*, https://www.cirrus.com/support/ and https://www.cirrus.com/products/cs4970xx/).

26.   For example, documentation accompanying the Cirrus Logic CRD49700-USB Evaluation Kit with CS4970xx DSP and CRD-HDMI-DC-Z Evaluation Board instructs users to configure the product to perform the method of Claim 6 of the '606 Patent (*see, e.g.*, CS4953x4/CS4970x4 System Designer's Guide ("Designer's Guide"), *available at* https://statics.cirrus.com/pubs/manual/CS4953x4_4970x4_System_Designers_Guide_UM6.pdf).

27.   Cirrus Logic performed acts of inducement despite its actual knowledge since at least the filing and service of this Complaint of the '606 Patent and its knowledge that the specific actions it actively induced and continues to actively induce on the part of its customers and other third parties constitute infringement of the '606 Patent. At the very least, because Cirrus Logic has been, and remains, on notice of the '606 Patent and the accused infringement, it has been, and remains, willfully blind regarding the infringement that it has induced and continues to induce.

28.     On information and belief, Cirrus Logic has contributed to, and continues to contribute to, infringement of one or more claims of the '606 Patent pursuant to 35 U.S.C. § 271(c), including but not limited to Claim 6, by offering to sell or selling within the United States, and/or importing into the United States without authority one or more components of the '606 Infringing Products (or products of which the '606 Infringing Products are components) with the knowledge (at least as of the date of service of this Complaint) that such component(s) are especially made or especially adapted for use in infringement of the '606 Patent and are not staple articles of commerce suitable for substantial non-infringing use.

29.     For example, these components, products, or devices detect, or support the detection of, a monitor and are also the critical and material component to displaying, or controlling the display of, images on mobile phones, personal computers, servers, notebook computers, televisions, and other consumer media products according to the claimed invention. Cirrus Logic supplied, and continues to supply, these system on-chip components, products, or devices, including, without limitation, the '606 Infringing Products with the knowledge of the '606 Patent and with the knowledge that these components constitute critical and material parts of the claimed inventions of the '606 Patent. Moreover, Cirrus Logic knows at least by virtue of its knowledge of its own products and the '606 Patent that these components are especially made and/or especially adapted for use as claimed in the '606 Patent and there is no substantial non-infringing use of the claimed elements of these components.

30.     Vantage Micro has suffered, and continues to suffer, damages as a result of Cirrus Logic's infringement of the '606 Patent.

31.     Cirrus has continued to infringe the '606 Patent since at least the filing of this complaint, despite being on notice of the '606 Patent and its infringement. Cirrus has therefore

infringed the '606 Patent knowingly, willfully, deliberately, and in disregard of Plaintiff's patent rights since at least May 14, 2019, at least by infringing with actual knowledge of its direct and indirect infringement or while remaining willfully blind to the fact of its direct and indirect infringement.  As a result of at least this conduct, Vantage Micro is entitled to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

32.     Vantage Micro reserves the right to modify its infringement theories as discovery progresses in this case. Vantage Micro shall not be estopped for purposes of its infringement contentions or its claim constructions by the claim charts that it provides with this Complaint. Vantage Micro intends the claim chart (Exhibit 2) for the '606 Patent to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure. The claim chart is not Vantage Micro's preliminary or final infringement contentions or preliminary or final claim construction positions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Vantage Micro demands judgment for itself and against Defendant Cirrus Logic as follows:

a.     A judgment that Cirrus Logic has infringed, and continues to infringe, one or more claims of the Asserted Patent;

b.     A judgment that Cirrus Logic has induced infringement, and continues to induce infringement, of one or more claims of the Asserted Patent;

c.     A judgment that Cirrus Logic has contributed to, and continues to contribute, to the infringement of one or more claims of the Asserted Patent;

d.     A judgment that Cirrus Logic has willfully infringed one or more claims of the Asserted Patent;

e.   A judgment awarding Vantage Micro all damages adequate to compensate for Cirrus Logic's infringement, and in no event less than a reasonable royalty for Cirrus Logic's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate allowed by law;

f.   A judgment awarding Vantage Micro treble damages pursuant to 35 U.S.C. § 284 as a result of Cirrus Logic's willful conduct;

g.   A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Vantage Micro its reasonable attorneys' fees; and

h.   A judgment awarding Vantage Micro such other relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Vantage Micro demands a trial by jury of this action.

Dated: October 8, 2019

DEVLIN LAW FIRM LLC

*/s/ Alex Chan*         ,
Timothy Devlin (*pro hac vice* to be filed)
tdevlin@devlinlawfirm.com
Henrik D. Parker (*pro hac vice* to be filed)
hparker@devlinlawfirm.com
Chad Hensen (*pro hac vice* to be filed)
State Bar No. 24087711
chenson@devlinlawfirm.com
Alex Chan (State Bar No. 24108051)
achan@devlinlawfirm.com
1526 Gilpin Ave.
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff,*
*Vantage Micro LLC*